O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMONE REVERE,<br><br>　　　　Petitioner/Defendant,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　Respondent/Plaintiff. | Case No. 2:12-cv-08168-ODW<br>CR-11-502-ODW-2<br><br>ORDER DENYING PETITIONER'S MOTION REQUESTING THE PRODUCTION OF BOTH TRANSCRIPTS OF SENTENCING PROCEEDINGS |

　　　　The Court has received Petitioner Damone Revere's October 25, 2012 motion requesting the production of the transcripts for both his and his father, Ronald Revere's sentencing proceedings. Petitioner's request is related to his 28 U.S.C. § 2255 habeas petition, where he argues his trial counsel in the underlying criminal proceeding "was ineffective by (1) Not preserving the argument of disparity during plea negotiations; and (2) By not requesting a comparable sentence by the Court in the event that Petitioner's co-defendant/father receives a lower sentence, based on disparity." (ECF No. 1, at 1.)

　　　　Under 28 U.S.C. § 735(f), petitioners permitted to sue in forma pauperis in a § 2255 habeas action "shall" have transcript fees paid for by the United States "out of money appropriated for that purpose," but only if the trial judge certifies that the suit is not frivolous and that the transcript is needed to decide the issue presented by the

suit. While Petitioner here indicates that he is indigent, he has not sought leave to proceed in pauperis in this action. Therefore, § 735(f) does not apply to him and the Court must deny his motion.

In any event, even if Petitioner were properly proceeding in forma pauperis, the Court cannot certify Petitioner's suit as not frivolous. Petitioner essentially complains that the sentence he received on February 13, 2012 (108 months) was unduly disparate from the sentence his father received in June 2012 (60 months) because "[t]here is no indication that the Petitioner is any more culpable than his son." (ECF No. 1, at 14.) According to Petitioner, "it appears that Ronald Revere was sentenced separately and at a later date, and because of this, the Petitioner's defense counsel should have preserved the argument of disparity in sentencing and drug equivalency and amounts." (*Id.*) But by this line of reasoning, Petitioner could assail his counsel's performance for failing to preserve a boundless number of defenses and objections. If not disparity, then perhaps failure to preserve a cruel-and-unusual-punishment objection, or failure to raise mitigating circumstances. It is not a criminal defendant's duty to raise or preserve every conceivable argument relating to sentencing, and the Court declines to indulge what could quickly become a very slippery slope.

For these reasons, the Court **DENIES** Petitioner's Motion. If Petitioner wishes to obtain the relevant transcripts, he may do so through the ordinary channels and by paying the necessary fees.

**IT IS SO ORDERED.**

November 1, 2012

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE